Stebbins v. Cooper.

---

## STEBBINS vs. COOPER.

Where it was sought to charge the defendant with a trespass on the ground that he had directed another to take the plaintiff's property, and it turned out that the only direction given by him was contained in a military warrant, which he had signed as president of a court martial; *held*, that the plaintiff was bound to produce the warrant, and could not otherwise prove the direction.

ERROR to Chenango C. P. Stebbins sued Cooper before a justice, and declared in trespass for taking a cow. On the trial the plaintiff called a witness who swore, that he took a

cow and drove it away from the plaintiff's farm by order of the defendant. On cross-examination, the witness said he was a constable, and that he had no authority from the defendant except a military warrant for the collection of fines, signed by the defendant as president of a court martial. The defendant was not present, and did not in any other way direct the taking of the cow. The defendant objected that the warrant or authority should be produced. He also moved for a nonsuit, which was refused; and the justice gave judgment for the plaintiff, which was reversed by the C. P., on *certiorari.* The plaintiff brings error.

*A. K. Maynard,* for the plaintiff in error.

*Sayre & Banks,* for the defendant in error.

*By the Court,* BRONSON, Ch. J.    As the constable had no authority or direction from the defendant to take the cow, except the military warrant for the collection of fines, the warrant itself should have been produced, as the best evidence. It makes no difference that the fact that the warrant was the only authority did not come out until the cross-examination. When the fact was once out the defendant had a right to insist that the writing should be produced to speak for itself, instead of leaving it to the witness to give its contents, or interpret its meaning. This is not like the case of *Simpson* v. *Watrus,* (3 *Hill,* 619,) on which the plaintiff relies. There the plaintiff showed that the defendant gave verbal directions to take the property; and was not obliged to resort to the execution to make out a taking by the defendant's orders. Here, the defendant gave no verbal directions; there is nothing but the warrant; and that, as the best evidence of what the defendant did, should have been produced. The error of the justice has been corrected by the common pleas.

Judgment affirmed.